Thomas L. Vincent, Bar No. 149729
tlv@paynefears.com
Jeffrey M. Hayes, Bar No. 246511
jmh@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
Jamboree Center, 4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Plaintiff and Counterdefendant LISA KANTROWITZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA KANTROWITZ, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation; and DOES 1-10, inclusive,<br><br>    Defendants.<br><hr>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation,<br><br>    Counterclaimant,<br><br>    v.<br><br>LISA KANTROWITZ, an individual,<br><br>    Counterdefendant. | Case No. 8:14-cv-01396-CJC-AN<br><br>Magistrate Judge Arthur Nakazato<br><br>**[~~PROPOSED~~] ORDER GRANTING STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL MATERIALS**<br><br>Complaint Filed: August 29, 2014<br>Trial Date:      None Set |

The Parties' Stipulated Protective Order is before the Court. Having read the Order and good cause appearing therefore, the Court hereby enters the following Protective Order:

1. The Parties acknowledge that discovery may require disclosure of information that is private, personal, or confidential, or that constitutes proprietary and/or sensitive business, personnel, and/or commercial information, trade secrets, and/or confidential third-party information. As a result, the Parties agree that they will be required to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information.

2. This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information designated as "Confidential."

3. Any person or entity designating documents, testimony, or other information as "Confidential" ("Designating Party") hereunder asserts that he, she or it believes in good faith that such material is Confidential Information which is not otherwise available to the public generally.

4. Designation of a document as "Confidential" shall be made by stamping or writing "CONFIDENTIAL" on the document(s).

5. Designation of a deposition or other pretrial testimony, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order. Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons not entitled by this Protective Order to have access to

-2-

1  such information are in attendance.  The parties shall instruct the court reporter to
2  segregate such portions of the deposition in a separate transcript designated as
3  "Confidential."  Portions of such deposition transcripts shall be clearly marked as
4  "Confidential" on the cover or on each page, as appropriate.

5       6. No Confidential Information shall be disclosed by anyone receiving
6  such information ("Receiving Party") to anyone other than those persons designated
7  herein, and in no event shall Confidential Information be used, either directly or
8  indirectly, by anyone receiving such information for any business, commercial or
9  competitive purpose or for any purpose whatsoever other than the direct furtherance
10 of the litigation of this action in accordance with the provisions of this Protective
11 Order.

12      7. Unless otherwise ordered by the Court or permitted in writing by the
13 Designating Party, a Receiving Party or non-party shall not disclose any information
14 or item designated as "Confidential" to any other person except to:

15      (a) Attorneys for the parties and their respective associates, clerks
16 and employees directly involved in the conduct of this litigation;

17      (b) The Parties hereto, including the employees of a Party;

18      (c) The Court and its personnel;

19      (d) Court reporters and their staff, provided further that Confidential
20 Information filed with the Court shall be sealed subject to release only by order of
21 the Court or by written agreement of the Designating Party;

22      (e) Expert witnesses of the Receiving Party to whom disclosure of
23 the Confidential Information is reasonably necessary for this litigation;

24      (f) The author of the document containing the Confidential
25 Information or the original source of the information; and

26      (g) Any other person with the prior written consent of the
27 Designating Party or pursuant to an order of the Court.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

8.        Confidential Information may be disclosed to persons listed in paragraphs 7(e), 7(f) and 7(g) of this Order only after such person has been shown a copy of this Order, and has been advised of the terms and operation of this Order, and agrees to be bound by the terms of this Order; provided, however, a party who has produced Confidential Information may disclose its own documents to any persons, with or without any conditions to such disclosure, as it deems appropriate. All persons who obtain Confidential Information pursuant to paragraph 7 of this Order shall be prohibited from disclosing any Confidential Information to anyone except as permitted by further order of this Court or written agreement of all counsel.  Except as provided above, the persons described in paragraphs 7(e), 7(f) and 7(g) of this Order shall have access to Confidential Information only after having been made aware of the provisions of this Order and having acknowledged their assent to be bound by executing and delivering a copy of the "Confidentiality Agreement" (attached as Exhibit "A" to this Order) to the party producing the Confidential Information, or so stating under oath and on the record.

9.        The Parties agree to meet-and-confer prior to filing "Confidential" materials with the Court, with the goal of determining whether the Parties' interests can be preserved through the use of mutually-agreeable redaction rather than filing under seal.  Without written permission from the Designating Party or an order of the Court secured after appropriate notice to all interested persons, the Parties may not file in the public record in this action any "Confidential" material.  Parties that seek to file under seal any "Confidential" material must comply with Local Rule 79-5.  However, if a Receiving Party's request to file "Confidential" material under seal pursuant to Local Rule 79-5 is denied by the Court, the Receiving Party may file the information in the public record with all necessary redactions, unless otherwise ordered by the Court.

10.       Parties that wish to challenge the designation of a document or other

information as "Confidential" may, for good cause, bring a motion before the Court requesting that the Court deny the designation of any document or information as "Confidential." The interested parties or other persons shall attempt to resolve such disagreements before submitting them to the Court. Pending resolution of any dispute concerning such designation, the Parties and persons governed by this Protective Order shall treat all documents and information previously designated as "Confidential" as protected from further disclosure by this Protective Order.

11. The provisions of this Protective Order shall continue in effect until otherwise ordered by the Court, after notice and an opportunity to be heard is afforded to the Parties to this action. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or has agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder. Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall retain their "Confidential" designation and be destroyed after the requisite period under the law.

12. This Protective Order shall not apply to information designated or marked "Confidential" hereunder which is used at any evidentiary hearing or trial in this action. The Parties hereby reserve their rights to use, or seek to limit the disclosure of, Confidential Information at any such hearing or trial.

13. Nothing in this Protective Order shall limit the use by the Parties of his, her or its own proprietary documents or information for purposes other than this litigation even if such documents or information have been designated as "Confidential."

14. This Protective Order shall not preclude or limit the Parties' rights to oppose or object to discovery on any grounds which would be otherwise available. This Protective Order shall not preclude or limit the Parties' rights to seek in camera review or to seek further and additional protection against or limitation upon

1 production or dissemination of information produced in response to discovery, including documents and their contents.

15. Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

16. All persons bound by this Protective Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after a hearing, deems just.

17. Neither entering into this Stipulated Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential;" or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "Confidential."

18. In the event the Court does not issue this Protective Order, the parties hereby agree that the terms of the stipulation are binding on the Parties, except for those sections which require Court approval.

Dated:   March 19, 2015

Hon. Jay C. Gandhi for
Arthur Nakazato
Magistrate Judge,
United States District Court

-5-
[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL MATERIALS

# Exhibit A
# to Stipulated Protective Order Re
# Confidential Materials

I, _____, hereby acknowledge that I am about to receive confidential information supplied in connection with the litigation entitled *Lisa Kantrowitz v. The Prudential Insurance Company of America*, United States District Court for the Central District of California, Case No. 14-cv-01396-CJC-AN.

I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Re Confidential Materials (the "Order") in this action. I have been given a copy of the Order, have read the Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Order, or any notes, summaries, abstracts, copies or other records that may be derived therefrom or made regarding any such materials, shall not be disclosed to any persons except as permitted by the Order. I further agree that the United States District Court for the Central District of California has jurisdiction to enforce the terms of the Stipulation and Protective Order, and I consent to jurisdiction of the United States District Court for the Central District of California over my person for that purpose.

DATED: _____

[Proposed] Order Granting Stipulated Protective Order (Clean) (3.13.15).docx

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

[~~PROPOSED~~] ORDER GRANTING STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL MATERIALS